[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on October 9, 1965 in Olongapo, Philippines. Her birth name was Manabat.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife, both issue. They have reached their majority.
The plaintiff is forty-eight (48) years old and in apparent good health. The defendant is forty-nine (49) years old and has a permanent 24 percent disability as a result of a motor vehicle accident in 1988, which accident killed her mother. The defendant realized $116,000 net from the accident settlement in 1992. Her financial affidavit filed with the court (document #112), and dated July 20, 1993, showed a balance of $96,446 remaining from the accident proceeds. She testified that the $19,500 differential was spent on gifts to her sisters and son, purchase of furniture, her son's car and the payment of a Danbury Hospital bill. These payments which were itemized at trial amounted to $11,800. She failed to satisfactorily account for the balance of $8,000 which was spent.
Additionally, her present affidavit shows that there remains $78,000 from the original settlement. All in all, there has been a diminution of $38,000 from the original settlement.
The wife has a very limited ability to work. She is physically incapable CT Page 3764 of any heavy work, has limited skills and a limited education. Even when she was healthy, the most she ever earned in the market place was $7 an hour.
During the course of the marriage, the bulk of the responsibility for child rearing fell upon her.
The parties stipulated at trial that the marital home has a fair market value of $215,000. It appears that the equity is approximately $136,000.
The husband is a self-employed union carpenter who reports $500 per week gross and $370 net. The court is suspect of this figure, given the testimony elicited at trial.
Each of the parties testified as to the cause of the breakdown of the marriage. The husband cited a lack of compatibility, lack of communication and a violent temper by his wife.
The wife suggested that it was the husband's involvement with another woman which was the precipitating factor. In any event, the court cannot find that one party is more at fault than the other.
Having considered all of the evidence, and having further considered the provisions of Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court further finds and orders as follows:
1. The marriage has broken down irretrievably and a decree of dissolution may enter.
2. The husband shall, forthwith, quitclaim to the wife all of his right, title and interest in the marital home located at 22 Hickok Avenue, Bethel, Connecticut. She shall be responsible for the payment of the mortgages presently encumbering said premises, and shall hold the husband harmless.
3. The husband shall pay to the wife, as periodic alimony, the sum of $250 per week until the happening of the first of the following events:
a) death of either party;
b) remarriage by the wife;
c) five years from the date herein.
Alimony shall be nonmodifiable as to term. CT Page 3765
The court has carefully considered the order of time-limited alimony. Given all of the factors involved, the considerable assets with which the wife will be left, the present and future potential for considerable rental income, and the ability of the wife to find employment which should provide income of approximately $2,000 to $4,000 per year, the court feels that the limited award is justified.
The husband will also be left with the bulk of the liabilities.
4. The parties shall equally divide the Household Finance bill. The wife will pay all unreimbursed medical bills. Any taxes due the Internal Revenue Service for the tax year 1992 shall be the sole obligation of the husband.
Except as otherwise provided, each of the parties shall be responsible for their own attorneys' fees and costs as well as his or her own liabilities.
5. The husband shall, within sixty (60) days, pay to the wife $1,500, which sum represents the pendente lite arrearage as of the final day of trial.
6. The husband shall maintain and pay for medical insurance for the wife for the ensuing eighteen (18) months. All unreimbursed medical expenses shall be paid by the wife.
For the balance of the COBRA period, the wife shall be responsible for the payment of the premiums.
7. Except as otherwise provided, each of the parties shall keep all of the personal property presently in his or her possession. The wife shall keep her bank account and stocks, and the husband shall keep his pension, tools and bank accounts.
8. The husband shall name the wife as a beneficiary of his life insurance policy for so long as he is required to pay alimony.
Mihalakos, J.